FILED
SEP - 2 2008
CLERK, U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION AT SANTA ANA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# EASTERN DIVISION

| | |
|---|---|
| RICQUEL R. WELCH,<br><br>    Petitioner,<br><br>    v.<br><br>DEBORAH PATRICK, Warden<br><br>    Respondent. | Case No. EDCV 08-0712-GW (MLG)<br><br>REPORT AND RECOMMENDATION OF<br>UNITED STATES MAGISTRATE JUDGE |

## I.  FACTUAL AND PROCEDURAL BACKGROUND

This is a petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. On November 1, 2006, a Riverside City Police Officer observed Petitioner Ricquel R. Welch standing in an alley in a high-drug trafficking area, facing another woman by the name of Angelica Martinez.[1] When Petitioner pulled her hand away from Martinez's hand, it was palm up. Martinez cupped her hand and put something in Petitioner's right pocket. The two women stood about three or four inches apart during this activity.

//

---

[1] These facts are taken from the opinion of the California Court of Appeal on direct review. *People v. Welch*, Case No. E042680 at *2-*4 (Slip op., January 17, 2008)(Lodged Doc. No. 5).

A police officer approached the two women and asked Petitioner to remove her left hand from her left pocket. When Petitioner removed her hand, it contained a white paper bindle. When the officer asked her what it was, she said it was nothing, while crumbling it in her hand. Petitioner used the soles of her shoes to crush four or five white rocks that had fallen from the bindle to the ground.

There were cocaine rocks in the bindle and one larger cocaine rock in Petitioner's right pocket. The cocaine weighed a total of 2.2 grams. Petitioner also had in her possession a razor blade, a one-inch square baggie, and $57, divided up by denomination and placed in different areas on her person. She also had a brillo pad, which can be used in conjunction with a pipe to smoke rock cocaine. She did not appear to be under the influence of any drugs. Martinez did not have money or drugs on her person.

Petitioner was arrested and waived her *Miranda* rights.[2] She stated that the drugs found on her were for personal use. The arresting officer told Petitioner that Martinez had no money and had told him that she had been trying to get some "rock." Petitioner responded, "If I hook people up for free, like a favor, later I get a favor."

On November 30, 2007, Petitioner was charged in a two count information. Count one charged Petitioner with selling, transporting, furnishing, administering, importing, and giving away, and of offering to sell, transport, furnish, administer, and give away a controlled substance, to wit, cocaine base, Cal. Health & Saf. Code § 11352(a). (Clerk's Transcript ("CT") 57.) Count two charged Petitioner with possession for sale and purchase for purpose of sale a controlled

---

[2] *Miranda v. Arizona*, 384 U.S. 436 (1966).

2

substance, to wit, cocaine base, Cal. Health & Saf. Code § 11351.5. (CT 58.) The information also charged that Petitioner had been convicted of a prior drug felony, Cal. Health & Saf. Code § 11370.2(a); had been convicted of two prior offenses for which she received prison terms, California Penal Code ("CPC") § 667.5(b); and had been convicted of eight special prior offenses that constituted "strikes" under California's Three Strikes sentencing law, CPC § 667(c), (e)(2)(A). (CT 58-59.) The information was subsequently amended to add aggravating factors and alter the dates of one prior prison term and one prior conviction, but the substantive counts remained the same. (Reporter's Transcript ("RT") 1.)

Petitioner's trial began on February 6, 2007. (RT 17.) The parties stipulated that Petitioner knew the substance in her possession was rock cocaine. The arresting officer and a prosecution expert both testified that the facts surrounding Petitioner's arrest indicated that she intended to sell the cocaine in her possession.

On February 7, 2007, the jury found Petitioner guilty on both substantive counts. (RT 231-32; CT 158-59.) In a bifurcated proceeding held on February 8, 2007, the trial court found true, as to each conviction, that Petitioner had a prior drug conviction, Cal. Health & Saf. Code § 11370.2(a). (RT 246.) The trial court also found true that Petitioner had two prior convictions for which she served prison terms, CPC § 667.5(b), and committed eight prior offenses qualifying as "strikes," CPC § 667(c) & (e)(2)(a). (RT 246.) On March 16, 2007, the trial court denied Petitioner's *Romero*[3] motion to strike her prior strike offenses and sentenced her to a prison term of 25 years to life.

---

[3] *People v. Superior Court (Romero)*, 13 Cal. 4th 497 (1996).

(RT 261.)

On direct review, Petitioner's appellate counsel submitted a *Wende/Anders* brief[4] to the California Court of Appeal, by which counsel indicated that there were no arguable issues to raise on appeal and requested that the court conduct an independent review of the record. (Lodged Doc. No. 3.) Petitioner submitted her own supplemental brief raising the three issues raised in the instant petition. (Lodged Doc. No. 4.) The court of appeal affirmed Petitioner's conviction in a reasoned opinion. *People v. Welch*, Case No. E042680 (Slip op., January 17, 2008)(Lodged Doc. No. 5.) The California Supreme Court denied review. *People v. Welch*, Case No. S161704 (April 16, 2008)(Lodged Doc. No. 7.) Petitioner did not seek collateral review in the state courts.

Petitioner filed the instant petition on May 23, 2008. She raises three grounds for relief. She claims that her constitutional rights were violated in that: (1) there was insufficient evidence to convict her of possession with intent to distribute; (2) the prosecutor engaged in misconduct by stating to the jury in closing arguments that the term "hook up" has the same meaning as sell; and (3) the trial judge abused his discretion by denying Petitioner's *Romero* motion. (Pet. at 5-6.) Respondent filed an answer. After being granted an extension of time, Petitioner filed a reply on August 25, 2008.[5] The matter is now ready

---

[4] *Anders v. California*, 386 U.S. 738 (1967) and *People v. Wende*, 25 Cal. 3d 436 (1979) provide that an appellate court must conduct a review of the entire record to determine whether there are any issues that would - if resolved favorably to the appellant - result in reversal or modification of the judgment. The *Anders/Wende* brief noted that Welch personally requested that the court of appeal address whether substantial evidence supported her convictions and whether the trial court erred in denying her *Romero* motion.

[5] To the extent that the arguments in the traverse appear to raise new claims, those claims will not be considered. "A Traverse is not the proper pleading to raise additional grounds for relief." *Cacoperdo v.*

for decision.

## II.  STANDARD OF REVIEW

This case is governed by the Anti-Terrorism and Effective Death Penalty Act's ("AEDPA") amendments to 28 U.S.C. § 2254. *Woodford v. Garceau*, 538 U.S. 202, 207 (2003). Under AEDPA, a federal court may grant a writ of habeas corpus to a state prisoner on a claim that was decided on the merits in state court only if the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or if the state court decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," 28 U.S.C. § 2254(d)(2). Supreme Court holdings, as opposed to dicta, at the time of the state court decision, are the only source for clearly established federal law, *Carey v. Musladin*, 127 S. Ct. 649, 653 (2007), although circuit law may be "persuasive authority" for determining the correct application of Supreme Court law, *Horton v. Mayle*, 408 F.3d 570, 581 n. 5 (9th Cir. 2005)(citing *Clark v. Murphy*, 331 F.3d 1062, 1069 (9th Cir. 2003)).

A state court decision is "contrary to" clearly established federal law if the state court "applies a rule that contradicts the governing law set forth in our cases, or if it confronts a set of facts that is materially indistinguishable from a decision of this Court but reaches a different result." *Brown v. Payton*, 544 U.S. 133, 141 (2005). "[M]istakes in reasoning or in predicate decisions," such as "use of the

---

*Demosthenes*, 37 F.3d 504, 507 (9th Cir. 1994).

wrong legal rule or framework ... constitute error under the 'contrary to' prong of § 2254(d)(1)." *Frantz v. Hazey*, 513 F.3d 1002, 1012 (9th Cir. 2008)(en banc).

A state court decision involves an "unreasonable application of" clearly established federal law if the state court identifies the correct governing legal principle from the decisions of the Supreme Court, but unreasonably applies that principle to the facts of the case. *Payton*, 544 U.S. at 141; *Williams v. Taylor*, 529 U.S. 362, 407-08, 413 (2000). It is not enough that a federal court conclude "in its independent judgment" that the state court decision is erroneous. *Woodford v. Visciotti*, 537 U.S. 19, 24-25 (2002)(per curiam). "The state court's application of clearly established law must be objectively unreasonable." *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003). AEDPA imposes a "highly deferential standard for evaluating state-court rulings which demands that state-court decisions be given the benefit of the doubt." *Woodford*, 537 U.S. at 24 (quotations omitted).

When the California Supreme Court summarily denies a claim without supplying a rationale, this is considered a denial "on the merits" for AEDPA purposes and is presumed to rest on grounds articulated by a lower court in its reasoned opinion. *Ylst v. Nunnemaker*, 501 U.S. 797, 803-04 (1991). A habeas court then "look[s] through" the unexplained summary denial and applies the deferential standard of review required by 28 U.S.C. § 2254(d) to the lower court's reasoned decision. *Van Lynn v. Farmon*, 347 F.3d 735, 738 (9th Cir. 2003). Here, the last reasoned decision was that of the California Court of Appeal. It is that decision which will be the subject of review.

//

//

## III. DISCUSSION AND ANALYSIS

### A. The Evidence Was Sufficient to Allow a Rational Trier of Fact to Find Petitioner Guilty Beyond a Reasonable Doubt

#### 1. Constitutional standard for sufficiency of evidence claims

Under the Fourteenth Amendment's Due Process Clause, a defendant may not be convicted of a crime, unless he or she is found guilty of every element necessary to constitute the crime. *In re Winship*, 397 U.S. 358, 364 (1970). To determine if a conviction satisfies this requirement, a district court should not ask "whether *it* believes that the trial established guilt beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319(1979) (citing *Woodby v. INS*, 385 U.S. 276, 282 (1966)). Instead, it should ask "whether the evidence, viewed in the light most favorable to the prosecution, would allow *any* rational trier of fact to find the defendant guilty beyond a reasonable doubt." *Jackson*, 443 U.S. at 319.

The role of the district court in analyzing a sufficiency of the evidence claim under AEDPA is to determine whether a state court determination that evidence was sufficient to support a conviction was an 'objectively unreasonable' application of *Jackson*. *Juan H. v. Allen*, 408 F.3d 1262, 1275 n.13 (9th Cir. 2005)(citing *Williams v. Taylor*, 529 U.S. 362, 409 (2000)). The *Jackson* standard "'must be applied with explicit reference to the substantive elements of the criminal offense as defined by state law.'" *Chein v. Shumsky*, 373 F.3d 978, 983 (9th Cir. 2004) (en banc) (citing *Jackson*, 443 U.S. at 324 n.16). Therefore, the Court will review the appellate court's decision in light of the applicable state law. *Chein*, 373 F.3d at 983.

//

### 2. Analysis

Petitioner was convicted of possessing cocaine base for sale, Cal. Health & Saf. Code § 11351.5, and selling cocaine base, Cal. Health & Saf. Code § 11352(a). Petitioner claims that her right to due process was violated because there was insufficient evidence to support a guilty verdict as to each count.

### (a) Cal. Health & Saf. Code § 11351.5

Pursuant to Cal. Health & Saf. Code § 11351.5, "every person who possesses for sale or purchases for purposes of sale cocaine base . . . shall be punished by imprisonment . . . ." In her petition, Petitioner argues that the evidence was insufficient to establish intent to sell and that the cocaine was for personal use. As such, she argues that her conviction under Cal. Health & Saf. Code § 11351.5 was not warranted. (Pet. 5.) However, the evidence presented at trial was sufficient to support the jury's verdict.

In his testimony, the arresting officer stated that drug dealers often carry a small amount of cocaine and claim that it is for personal use to avoid being charged with intent to sell. (RT 112-13.) He also stated that he observed Petitioner exchanging objects with Martinez in an alleyway known for drug dealing. (*Id.* 33, 36, 39.) Finally, he mentioned that Martinez had a history with drugs and was relapsing at the time of the incident. (*Id.* 50.) The evidence further showed that the officer confiscated $57 bundled in various denominations, empty baggies, a razor, four or five small rocks of cocaine, and one 2.2 gram rock of cocaine form Petitioner's person. An expert witness on drug transactions testified that this combination of items is commonly found on drug dealers, and that the razor is used to cut rock cocaine into small sellable quantities. (*Id.* 125.)

In addition, the detective stated that even though a scale is commonly found on drug dealers, the same cannot be said for those who deal rock cocaine. (*Id.* 126.) The fact that Petitioner did not possess a scale is accordingly not dispositive as to whether she intended to sell cocaine.

Finally, the expert witness testified about the two forms of cocaine. First, there is rock cocaine, which is ingested by smoking. (*Id.*) Second, there is powder cocaine, which is ingested by snorting. (*Id.*) Petitioner did not possess any item or combination of items, which would allow her to smoke the rock cocaine in her possession. Although the brillo pad found in her possession could be used in conjunction with a pipe to smoke rock cocaine (*Id.* 93), no pipe was found on her person. Based on this evidence, a rational jury could find beyond a reasonable doubt that Petitioner possessed the drugs with intent to sell. The California Court of Appeal's finding was neither contrary to nor an objectively unreasonable application of Supreme Court precedent.

### (b)   Cal. Health & Saf. Code § 11352(a)

Pursuant to Cal. Health & Saf. Code § 11352(a), "every person who transports, imports into this state, sells . . . or *gives away*, or offers to . . . sell . . . or *give away* . . . (1) any controlled substance . . . shall be punished by imprisonment . . . ." (emphasis added). Petitioner claims that there was insufficient evidence to convict her of this offense because there was no hand to hand exchange of cocaine or money. (Pet. 5.)

Under Cal. Health & Saf. Code § 11352(a), a defendant who sells, gives away, offers to sell, or offers to give away drugs may be convicted. Because the statute criminalizes even an offer to sell or give away drugs, Petitioner's claim that there was no hand to hand

exchange of cocaine or money is meaningless. As noted, when it was explained that Martinez was suffering from a drug relapse and that she did not have any money to purchase drugs, Petitioner replied, "If I hook people up for free, like a favor, later I get a favor." This supports an inference that Petitioner was going to "hook up" Martinez for free in violation of Cal. Health & Saf. Code § 11352(a).

Accordingly, there was sufficient evidence to allow a reasonable jury to find Petitioner guilty of this offense beyond a reasonable doubt. The appellate court's decision was not contrary to or an unreasonable application of clearly established federal law.

### B. Prosecutorial Misconduct

Petitioner argues that the prosecutor committed misconduct in his closing arguments by equating the term "hook up" - which Petitioner used in her statement to the arresting officer - with dealing drugs. Prosecutorial misconduct rises to the level of a constitutional violation only where it "so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Darden v. Wainwright*, 477 U.S. 168, 181 (1986)(quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974)); *Renderos v. Ryan*, 469 F.3d 788, 799 (9th Cir. 2006)(same). In order to obtain habeas relief on such a claim, the petitioner must establish that the misconduct resulted in actual prejudice. *Johnson v. Sublett*, 63 F.3d 926, 930 (9th Cir. 1995)(citing *Brecht v. Abrahmamson*, 507 U.S. 619, 637-38 (1993)). The actual prejudice standard is only met when the misconduct had a substantial and injurious effect on the jury's verdict. *See Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 899 (9th Cir. 1996).

The prosecutor's closing arguments did not result in unfairness. As a preliminary matter, the prosecutor did not fabricate the term "hook

up" for use in closing arguments. That term came from Petitioner herself. At trial, the arresting officer testified that during her police interview, Petitioner said, "If I hook people up for free, like a favor, later I get a favor." (RT 51-52.) Petitioner made this statement in response to being informed that Martinez told the officer that she had been trying to obtain "some rock." (RT 50.) The officer testified that hooking someone up is similar to extending a loan, "you know, 'You hook me up, and I'll hook you up,' kind of thing." (RT 51.) That is the context in which the prosecutor used the term "hook up" in his closing arguments:

> What other statements did [Welch] make [at the police station]? She made the statement that, "I hook people up. I sometimes hook people up. They do me favors, I do them favors." She's basically admitting to being a drug dealer, ladies and gentlemen. You can convict her on that statement, she hooks people up. She does them favors.
>
> You will see a jury instruction that says exchanging drugs for a favor equals intent to sell, boom. You don't have to look at all the other circumstantial evidence, the razor blades. You don't even have to look at the hand-to-hand transaction. You can just go off of her statement she hooks people up. She does them favors. The jury instruction says favors will do.

(RT 169-70.)

The prosecutor did nothing more here than put the arresting officer's testimony in the context of the instructions on the substantive elements of selling, furnishing, administering, or giving away cocaine base. This was well within the "wide latitude" afforded to

both the prosecution and defense in closing arguments. *United States v. Sayetsitty*, 107 F.3d 1405, 1409 (9th Cir. 1997)(quoting *United States v. Vaccaro*, 816 F.2d 443, 451 (9th Cir. 1987), cert. denied, 484 U.S. 928 (1987). Given that the purpose of closing argument is to assist the jury in analyzing the evidence, *U.S. v. Hasner*, 340 F.3d 1261, 1270 (11th Cir. 2003), the prosecutor's application of evidence adduced at trial to the elements of an offense at issue was entirely proper. There was no fundamental unfairness.

### C. Petitioner is Not Entitled to Relief on Her Claim that the Trial Judge Abused His Discretion in Failing to Strike Her Prior Special Offenses

In *People v. Superior Court (Romero)*, 13 Cal. 4th 497 (1996), the California Supreme Court addressed the issue of whether a trial court's discretionary power under CPC § 1385 to strike prior felony conviction allegations for sentencing purposes extended to Three Strikes cases.[6] The supreme court held that a trial court has the discretion under CPC § 1385 to strike prior felony conviction allegations. *Romero*, 13 Cal.4th at 530. Petitioner now claims that the trial court abused its discretion in failing to strike her prior special prior offenses that qualify as "strikes" under California's Three Strikes sentencing law, CPC § 667.

Petitioner is not entitled to relief on this claim. A federal court can grant habeas corpus relief to a petitioner "only on the ground that he or she is in custody in violation of the Constitution or laws or

---

[6] Section 1385 allows a judge to dismiss a criminal action "in furtherance of justice." The California Supreme Court has held that this power to dismiss an action "includes the lesser power to strike factual allegations relevant to sentencing, such as the allegation that a defendant has prior felony convictions." *People v. Thomas*, 4 Cal.4th 206, 209-10 (1992).

treaties of the United States." 28 U.S.C. §§ 2254(a). *See also Estelle v. McGuire*, 502 U.S. 62, 68 (1991)("Today, we reemphasize that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."). Here, Petitioner raises no claim that the United States Constitution or any federal law was violated. Rather, her claim exclusively concerns the application of the *Romero* decision to her sentence. *Romero* involves a rule of state law, not federal law. Even if the trial court did abuse its discretion in violation of state law, that state law violation is not cognizable on federal habeas review. *See Ely v. Terhune*, 125 F. Supp. 2d 403, 411 (C.D. Cal. 2000)(trial court's refusal to strike one of petitioner's strike convictions not cognizable in a federal habeas proceeding); *Lacy v. Lewis*, 123 F. Supp. 2d 533, 551 (C.D. Cal. 2000)(same). Petitioner's failure to allege a violation of the federal constitution is fatal to this claim.

Were the Court to construe Petitioner's *Romero* claim as arising under the due process clause of the Fourteenth Amendment, Petitioner still would not be entitled to relief. Absent a showing of fundamental unfairness, a claim of state sentencing error on procedural grounds generally does not raise a federal constitutional question for purposes of habeas review. *Christian v. Rhode*, 41 F.3d 461, 469 (9th Cir. 1994). *See also Lewis v. Jeffers*, 497 U.S. 764, 780 (1990)("[F]ederal habeas review of a state court's [sentencing procedures] is limited, at most, to determining whether the state court's finding was so arbitrary and capricious as to constitute an independent due process violation or Eighth Amendment violation.").

//

No fundamental unfairness is apparent from the record here.

Petitioner's defense attorney filed a written CPC § 1385 motion and argued the motion to the trial court prior to sentencing. (CT 201; RT 258-60.) On consideration of the motion, the trial judge stated that he weighed and considered the defense's arguments, but did not believe that Petitioner fell outside the spirit of the Three Strikes law. (RT 260.) There is simply no evidence demonstrating that the trial court's discretionary determination not to strike prior felony convictions is fundamentally unfair. Petitioner is not entitled to relief on this claim.

## V.  CONCLUSION

For the foregoing reasons, it is recommended that the petition for a writ of habeas corpus be **DENIED**.

Dated: September 2, 2008

_____
Marc L. Goldman
United States Magistrate Judge